PER CURIAM.
We affirm appellant’s conviction and write only to raise the question, albeit not addressed by the parties, as to the effect of Florida Rule of Criminal Procedure 3.220(b)(1)(B) (1996) upon the test in State v. Johnson, 284 So.2d 198 (Fla.1973), which this court recently applied in Harper v. State, 677 So.2d 72 (Fla. 4th DCA 1996).
Under Johnson, cross-examination on the absence of something in a police report is appropriate only when there is “some singular importance attaching to the point in question, which goes to a material and critical fact in serious contention in the trial.” Id. at 200. The standard in Johnson applies to “production and use.” Id. at 200 (emphasis added). The reason offered by the court in Johnson for limiting the production and use of police reports was the importance of limiting the availability of police reports. Id. at 200.
We must also bear in mind that police reports and documents often include leads to other cases and other suspects. This information must be protected in order to afford fair pursuit of such involvement by others and the solution of other offenses. These important objectives can be destroyed or defeated if police reports are made so readily available; the police would understandably be hesitant to enter freely in reports what might be of help later on if they were not generally protected.
Id at 200 (emphasis added). Further, the court stated the limited production and use was required to justify “breaching the normally protected police reports.” Id. at 200 (emphasis added).
However, the Florida Rules of Criminal Procedure regarding discovery have changed so dramatically since 1973 that the entire rationale upon which Johnson was based no longer exists. In 1973 the prosecutor’s discovery obligation with regard to statements was limited to “the defendant’s written or recorded statements” and “results and reports of physical or mental examinations, and of scientific tests, or experiments made in connection with the particular case.” Fla. R.Crim. P. 3.220(a)(1), (2) (1973). The prosecutor was not obligated to produce police reports in general. Thus it made sense for the Florida Supreme Court in Johnson to limit production and use of the police reports to situations involving critical facts in serious contention in the trial.
Since 1989, prosecutors are obligated to produce “all police and investigative reports of any kind prepared for or in connection with the case.” Fla. R.Crim. P. 3.220(b)(1)(B) (1996). The justification upon which Johnson is based (not breaching normally protected police reports) appears no longer to exist. Because the reports are no longer immune from production it seems more appropriate for objections to questions regarding omissions in the reports to be based on the traditional rules regarding relevancy and probative value. Under Johnson, there was no error in this ease. If we were free to apply a relevancy test, any error was harmless.
GLICKSTEIN and DELL, JJ., and OFTEDAL, Associate Judge, concur.